IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEEM D. DOWDY,** | |
| *Petitioner*, | Civil Action |
| v. | No. 22-cv-4775 |
| **JOSEPH TERRA** *et al.*, | |
| *Respondents*. | |

## ORDER

**AND NOW**, this 18th day of October, 2023, upon consideration of Petitioner Rasheem Dowdy's petition for a writ of habeas corpus, a Report and Recommendation by Magistrate Judge Elizabeth T. Hey that the petition be denied, Dowdy's objections thereto, and Respondent's response to Dowdy's objections, I find as follows:

1. Dowdy brought the instant petition for a writ of habeas corpus on November 30, 2022, challenging his 2015 conviction for attempted homicide and related charges in the Delaware County Court of Common Pleas.

2. Dowdy's petition was referred to the Honorable Elizabeth T. Hey for a Report and Recommendation. On July 17, 2023, Judge Hey recommended that Dowdy's petition be denied as untimely under 28 U.S.C. § 2244(d), without reaching the merits of Dowdy's habeas claims.

3. On July 26, 2023, Dowdy filed a motion for reconsideration, arguing that he was unable to file his habeas petition within the one-year statutory period because pandemic-related restrictions inhibited his access to the prison law library. Because the referral to Judge Hey had ended with the issuance of a Report and Recommendation, I issued an order that Dowdy's motion for reconsideration would be construed as objections and directed Respondent to respond.

1

4. On September 21, 2023 (following an extension), Respondent filed its response to Dowdy's objections, arguing that the one-year statutory period should not be extended because Dowdy failed to address timeliness before Judge Hey and that, in any event, Dowdy's inability to access the law library would not have precluded him from filing a bare-bones petition sufficient to meet the statutory requirements.

5. Subsequently, on October 4 and 13, 2023, Dowdy supplemented his objections with additional information about pandemic restrictions in prison.

## I. LEGAL STANDARD

6. In reviewing a Magistrate Judge's Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 686(b)(1).

## II. DISCUSSION

### A. Failure to Address Timeliness Before Judge Hey

7. I conclude that Dowdy's objections to Judge Hey's recommendation based on timeliness must be overruled because Dowdy did not present these arguments to Judge Hey.

8. "Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived." In re Nat'l Collegiate Student Loan Trusts, 971 F.3d 433, 444 (3d Cir. 2020). Dowdy filed his federal habeas petition on this Court's standard form, which contained a section for "timeliness":

> **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

9. Dowdy left this section blank. Dowdy was therefore on notice that he needed to explain why his habeas petition was filed four months after the one-year deadline, but he did not do so.

10. Dowdy objects that he was told by other habeas petitioners that he should wait to address timeliness until after Judge Hey issued her report and recommendation. (ECF No. 22.) But the admonition on this Court's standard form that a petitioner "must" explain timeliness is unambiguous, and it was therefore not reasonable for Dowdy to rely on contrary advice from other habeas petitioners.

11. For these reasons, I will overrule Dowdy's objections and adopt Judge Hey's recommendation that Dowdy's petition be denied as untimely.

**B.     Merits**

12. Although I adopt Judge Hey's recommendation that Dowdy's petition is untimely, in an abundance of caution, I have also reviewed Dowdy's habeas claims on the merits. Having done so, I conclude that, irrespective of timeliness, Dowdy's petition must be denied because each of his four claims was either not raised in state court or is not the type of claim that can be raised on federal habeas review.

13. Dowdy's first claim is that his Sixth Amendment right to a speedy trial was violated because he was detained in New York on other charges for a lengthy period of time before he was tried on the instant charges in Pennsylvania.

14. In state court, Dowdy did not make an argument based on the federal Constitution, and instead only argued that the period of delay violated Pennsylvania Rule of Criminal Procedure 600.

15. "As a general rule, federal courts may exercise the power to consider habeas applications only where it appears that the applicant has exhausted the remedies available in the courts of the State. … The exhaustion rule requires applicants to 'fairly present' federal claims to state courts before bringing them in federal court." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (quotation marks omitted). "To 'fairly present' a claim, a petitioner must present a federal

3

claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Id. at 261.

16. In this case, Dowdy's motion to the state court argued that the charges should be dismissed because he had been detained for longer than the one-year limit specified in Pennsylvania Rule of Criminal Procedure 600. By contrast, the Sixth Amendment speedy trial right contains no bright-line time limit but requires a balancing of multiple factors, including whether the defendant was prejudiced by the delay. United States v. Velazquez, 749 F.3d 161, 174 (3d Cir. 2014). Although a concluding paragraph in Dowdy's motion referenced "the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution," no analysis of the Sixth Amendment standard (such as prejudice) was included that would enable the state court to address that claim on the merits. For that reason, Dowdy's first habeas claim was not fairly presented to the state court and may not be heard on federal habeas review. McCandless, 172 F.3d at 260.

17. Dowdy's second claim relates to the collection of a DNA sample, which he claims violated his Fourth Amendment right and should have been suppressed at trial. Fourth Amendment suppression claims may not be raised on federal habeas review. Stone v. Powell, 428 U.S. 465, 493 (1976). In addition, this claim was adjudicated on the merits in state court and Dowdy has provided no argument that the state court's resolution of that claim was "unreasonable." See 28 U.S.C. § 2254(d).

18. Dowdy's third claim is that counsel was ineffective for: (1) failing to obtain a witness from New York who could have contradicted the Commonwealth's evidence on why Dowdy was not extradited to Pennsylvania sooner; and (2) failing to obtain a witness related to the allegedly illegal collection of a DNA sample. Neither ground was raised in Dowdy's petition under Pennsylvania's Post-Conviction Relief Act (PCRA). In that petition, Dowdy argued only that

4

counsel was ineffective for failing to "suppress a witness," failing to object to hearsay at a preliminary hearing, failing to impeach a witness with a prior inconsistent statement, and failing to object to certain charges being merged for sentencing purposes—none of the grounds Dowdy raises in his federal habeas petition. Dowdy therefore did not "fairly present" this claim to the state court, and it may not be raised for the first time on federal habeas review.

19. Dowdy's fourth and final claim is that he was denied a "right to a fair trial," with no further elaboration. Federal courts on habeas review may overturn a state conviction only on the ground that it was obtained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Dowdy does not identify a federal law that was violated to deprive him of a fair trial, Dowdy's fourth habeas claim must be denied.

**WHEREFORE**, it is hereby **ORDERED** that:

20. The Report and Recommendation (ECF No. 16) is **ADOPTED**.

21. The petition for a writ of habeas corpus (ECF No. 1) is **DENIED**. There is no basis to issue a certificate of appealability.

22. The Clerk of Court shall mark this case closed.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**